Louis S. Ederer
louis.ederer@arnoldporter.com
Matthew T. Salzmann
matthew.salzmann@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
(212) 836-8000

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                                                :

DAVID YURMAN ENTERPRISES LLC and     :     Civil Action No.
DAVID YURMAN IP LLC,                  :
                                                :

             Plaintiffs,           :     **COMPLAINT**
                                                  :

             - against -           :
                                                  :

SUSAN WAXMAN d/b/a LOOKS A LOT        :
ALIKE, XYZ COMPANIES 1-10, and JOHN   :
AND JANE DOES 1-10,                :
                                                  :

             Defendants.          :
                                                  :
-------------------------------------------------------------- x

       Plaintiffs David Yurman Enterprises LLC and David Yurman IP LLC (collectively

"Yurman"), by and through their undersigned attorneys, complain of defendants Susan Waxman

d/b/a Looks A Lot Alike ("Waxman"), XYZ Companies 1-10, and John and Jane Does 1-10

(collectively "Defendants"), and allege as follows:

**NATURE OF THE ACTION**

       1.      Yurman brings this action for injunctive relief and damages arising from

Defendants' knowing, intentional and pervasive acts of copyright infringement, trademark

counterfeiting and/or infringement, false designation of origin, dilution, and unfair competition,

in violation of the laws of the United States, and the statutory and common law of the State of New York.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Yurman's claims predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*, and the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

3.      This Court has subject matter jurisdiction over Yurman's claims that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because such claims are related to and arise from the same set of facts as Yurman's federal claims.

4.      This Court has personal jurisdiction over Waxman because, as more fully set forth below, she has:  (a) committed acts of copyright infringement and trademark counterfeiting and/or infringement in this judicial district; (b) caused injury to Yurman in this judicial district; (c) purposely and directly targeted her activities at parties within this judicial district; and (d) derived substantial revenues from interstate commerce, including commerce within this judicial district.

5.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Waxman is subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Yurman's claims herein occurred within this judicial district.

## THE PARTIES

6.      David Yurman Enterprises LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 24 Vestry Street, New York, New York.

7.     David Yurman IP LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 24 Vestry Street, New York, New York.

8.     Upon information and belief, Waxman is an individual residing in Ontario, Canada, and is the moving, active and conscious force behind the Looks A Lot Alike ecommerce website <looksalotalike.com>.  Upon further information and belief, Waxman operates the Looks A Lot Alike ecommerce website from a physical location in Niagara Falls, New York.

9.     Upon information and belief, defendant Waxman is acting in conjunction with various business entities and individuals, denoted here as XYZ Companies 1-10, and John and Jane Does 1-10, whose identities are not presently known.  If the identities of these parties become known, Yurman will amend the Complaint to include the names of these additional business entities and individuals.

## YURMAN'S VALUABLE INTELLECTUAL PROPERTY RIGHTS

10.     Yurman is a well-known designer, manufacturer and supplier of unique and distinctive fine jewelry and luxury watch designs sold under the DAVID YURMAN brand name, which is the subject of numerous federal trademark registrations.  Since its inception in 1980, Yurman has set new standards for designing and marketing jewelry, infusing the disciplines of art and fashion into the jewelry design process.

11.     Yurman products are marketed to fashion-conscious consumers and are sold only through Yurman-owned and operated boutiques and authorized retailers, consisting of specialty retail stores and high-end department stores.  Yurman is well-known by consumers and the trade for the quality of its luxury products, the innovation and uniqueness of its designs, and its technological developments in jewelry design.

## YURMAN'S COPYRIGHTED DESIGNS

12.    Over many years, Yurman has registered numerous copyrights in its unique and innovative jewelry designs in the United States Copyright Office.  Among the jewelry designs that Yurman has registered with the United States Copyright Office are the following:

| Yurman's Design | Registration No. | Date Issued |
|---|---|---|
|  | VA 1-823-085 | June 11, 2012 |
|  | VA 1-849-600 | January 23, 2013 |
|  | VA 1-396-825 | November 24, 2006 |
|  | | |
|  | VA 1-908-902 | April 24, 2014 |
|  | VA 1-800-949 | October 27, 2011 |

| Yurman's Design | Registration No. | Date Issued |
|---|---|---|
|  | VA 1-840-979 | May 17, 2012 |
|  | VA 1-670-591 | June 4, 2009 |
|  | VA 1-282-478 | November 6, 2003 |
|  | VA 1-722-966 | June 9, 2010 |
|  | VA 1-800-982 | November 15, 2011 |

| Yurman's Design | Registration No. | Date Issued |
|---|---|---|
|  | VAu 733-123 | August 23, 2006 |
|  | VAu 405-161 | January 23, 1998 |
|  | VA 1-747-809 | July 8, 2009 |
|  |  |  |
|  |  |  |
|  | VA 1-116-155 | August 28, 2001 |
|  | VA 1-024-276 | August 21, 2000 |
|  | VA 1-038-299 | October 6, 1999 |

| Yurman's Design | Registration No. | Date Issued |
|---|---|---|
|  | VA 1-344-469 | May 5, 2005 |

The foregoing unique and innovative jewelry designs are hereinafter collectively referred to as the "Yurman Copyrighted Designs."

13.    Yurman owns all right, title and interest in and to the Yurman Copyrighted Designs, which constitute original and copyrightable subject matter under the Copyright Act.

14.    Yurman has duly complied with all relevant requirements of the Copyright Act with respect to the Yurman Copyrighted Designs.  Copies of the registration certificates covering the Yurman Copyrighted Designs, along with excerpts of the corresponding deposit materials, are attached hereto as **Exhibit A**.

**THE YURMAN TRADEMARKS**

15.    Yurman is also the owner and registrant of several well-known trademarks used in connection with DAVID YURMAN-brand jewelry products.

16.    Among the well-known and registered word trademarks that Yurman owns and uses are the following:

(a)    U.S. Trademark Registration No. 2,918,700 for the mark QUATREFOIL for "Fine jewelry and precious stones" in International Class 14, which was registered on January 18, 2005;

(b)      U.S. Trademark Registration No. 2,959,204 for the mark ALBION for "Fine jewelry and precious stones" in International Class 14, which was registered on June 7, 2005;

(c)      U.S. Trademark Registration No. 3,599,276 for the mark METRO CABLE for "Fine jewelry" in International Class 14, which was registered on March 31, 2009;

(d)      U.S. Trademark Registration No. 3,628,543 for the mark WHEATON for "Jewelry" in International Class 14, which was registered on May 26, 2009; and

(e)      U.S. Trademark Registration No. 4,422,585 for the mark LABYRINTH for "Precious metal items, namely, Earrings, Pendants and Rings with diamonds and/or colored gemstones set in smooth precious metal intertwined with sculpted cable precious metal" in International Class 14, which was registered on October 22, 2013 (the QUATREFOIL, ALBION, METRO CABLE, WHEATON, and LABYRINTH marks are hereinafter collectively referred to as the "Yurman Word Marks").

17.     The Yurman Word Marks are in full force and effect, and the QUATREFOIL, ALBION, METRO CABLE and WHEATON marks have each achieved incontestable status pursuant to 15 U.S.C. § 1065.  Copies of the certificates of registration for the Yurman Word Marks are attached hereto as **Exhibit B**.

18.     In addition to the Yurman Word Marks, Yurman is the owner and registrant of several well-known design marks used in connection with DAVID YURMAN-brand jewelry products.

19.     Among the well-known and registered design marks Yurman owns and uses are the following:

(a)     U.S. Trademark Registration No. 4,655,095 for the following "Cable Classics" bracelet design:



for "Jewelry; Bracelets" in International Class 14, which was registered on December 16, 2014; and

(b)     U.S. Trademark Registration No. 5,025,164 for the following "Renaissance" bracelet design:



for "Jewelry; Bracelets" in International Class 14, which was registered on August 23, 2016 (the "Cable Classics" and "Renaissance" bracelet design marks are hereinafter collectively referred to as the "Yurman Design Marks").

20.     The Yurman Design Marks are in full force and effect.  Copies of the certificates of registration for the Yurman Design Marks are attached hereto as **Exhibit C**.

21.     The Yurman Word Marks and the Yurman Design Marks are hereinafter collectively referred to as the "Yurman Trademarks."

22.     Yurman has extensively advertised and promoted its jewelry products under the Yurman Trademarks, and such marks immediately indicate Yurman as the source of the goods to which they are affixed, and/or which are marketed and promoted in connection therewith.

## DEFENDANTS' WILLFULLY INFRINGING CONDUCT

23.     Defendants are in the business of sourcing, advertising, promoting, distributing, offering for sale and/or selling "replicas" or indistinguishable copies of original DAVID YURMAN-brand jewelry pieces, including, but not limited to, bracelets, rings, pendants and earrings.  Defendants advertise and promote their replica products using the Yurman Word Marks and other collection names associated with Yurman.

24.     When promoting the <looksalotalike.com> ecommerce website on social media, Waxman refers to herself as "*you're [sic] D.Y. inspired connection,*" and claims to have spent "*hundreds of hours sourcing replica pieces of David Yurman's designs.*"

25.     Indeed, when Waxman launched the <looksalotalike.com> ecommerce website, she touted:

> *I am very excited about the launch of my designer inspired fashion jewelry store. The collections that I carry look a lot like David Yurman…. Although this gemstone jewelry is faux, it is of very high quality…. To some, the jewelry that I have for sale could be classified as fake, or a knockoff but these words sound derogatory in nature….My pieces look authentic, feel substantial on and [sic] basically your best kept secret.*

26.     To further emphasize that the replicas offered by Looks A Lot Alike are virtually indistinguishable from the authentic DAVID YURMAN jewelry designs, Waxman posted a short narrative on the <looksalotalike.com> ecommerce website explaining how she passes off replica DAVID YURMAN jewelry designs as the real thing:

> *I recently just came back from a cruise with my family over spring break…. As you know one has to bring some beautiful evening wear on a cruise with spectacular jewelry to match.  I brought velvet pouches full of designer inspired jewelry…. There was not one worry or concern that I would lose my jewelry, or*

> *that the cabin steward would steal it.... I went into every fine jewelry store on board and in every port.  I really got a kick out of all of the sales people flocking to me like bees to honey assuming I was wearing genuine David Yurman ... when in fact all that I was wearing were pieces that Look A Lot Alike the fabulous designs of David Yurman....*

27.   Upon information and belief, Defendants have advertised, promoted, offered for sale and/or sold, and/or are causing to be advertised, promoted, offered for sale and/or sold, without authorization or license from Yurman, the following articles of jewelry that are faithful copies of, and substantially similar in appearance to the original and unique Yurman designs that are covered by the Yurman Copyrighted Designs, as shown below:

| Registration No. | Yurman's Copyrighted Design | Defendants' Design |
|---|---|---|
| VA 1-823-085 |  | <br>Crystal Labrynth Cuff<br>SKU: 5734 |
| VA 1-849-600 |  | <br>Crystal Labrynth Ring<br>SKU: 5737 |
| VA 1-396-825 |  | <br>Crystal Quatrefoil Cuff<br>SKU: 5741 |
| |  | <br>Crystal Quatrefoil Ring<br>SKU: 5745-2 |

| Registration No. | Yurman's Copyrighted Design | Defendants' Design |
|---|---|---|
| VA 1-908-902 |  | <br>18K Gold Plated Starburst Bangle<br>SKU: 3716 |
| VA 1-840-979 |  | <br>Crystal Textured Star Ring<br>SKU: 5582-2 |
| | | <br>Crystal Starburst Necklace<br>SKU: 5575 |
| VA 1-800-949 |  | <br>Crystal Starburst Hook Earrings<br>SKU: 5571 |
| VA 1-670-591 |  | <br>Cocktail Ring With Black CZ<br>SKU: 4900 |

| Registration No. | Yurman's Copyrighted Design | Defendants' Design |
|---|---|---|
| VA 1-282-478 |  |   Crossover Ring  SKU: 5370-1 |
| VA 1-722-966 |  |   Crystal Infinity Earrings  SKU: 9471    Crystal Infinity Ring  SKU: 5715 |
| VA 1-800-982 |  |   Citrine Cable Wrap Earrings  SKU: 5584, 5614 (Black), 5610 (Blue)    Tear Drop Cable Wrap Necklace  SKU: 5618 (Blue), 5619 |

| Registration No. | Yurman's Copyrighted Design | Defendants' Design |
|---|---|---|
| VAu 733-123 | | <br>Black Onyx Cable Wrap Necklace<br>SKU: 5652 |
| VAu 405-161 |  28. | <br>3MM Black Cable Classic Bangle<br>SKU: 3963 |
| VA 1-747-809 |  | <br>Crystal Cable Earrings<br>SKU: 5528 |
| |  | <br>Crystal Cable Necklace<br>SKU: 5536 |
| |  | <br>Cable Classic Station Bangle<br>SKU: 3567 |

| Registration No. | Yurman's Copyrighted Design | Defendants' Design |
|---|---|---|
| VA 1-116-155 | | Faux Pearl Square Earrings<br>SKU: 5479, 5484 (Crystal Onyx) |
| VA 1-024-276 | | Citrine Picture Frame Pendant<br>SKU: 3759 |
| VA 1-038-299 | | Two tone black cable classic bangle<br>SKU: 3529<br><br>Two tone blue cable classic bangle<br>SKU: 3532<br><br>7 mm pink cable Bangle<br>SKU: 5774 |

| Registration No. | Yurman's Copyrighted Design | Defendants' Design |
|---|---|---|
| | |  Garnet cable bangle<br>SKU: N/A |
| | |  Cable classic two tone amethyst CZ bangle<br>SKU: 9343 |
| | |  Morganite cable classic bangle<br>SKU: 1326 |
| VA 1-344-469 |  |  Confetti Crystal Cuff<br>SKU: 5790 |
| |  |  Pebble Ring<br>SKU: 3693 |

The foregoing articles of jewelry, which have been advertised, promoted, offered for sale and/or sold through Defendants' <looksalotalike.com> ecommerce website, and in many instances promoted with reference to the Yurman Word Marks and other collection names associated with Yurman, will hereinafter be referred to as the "Accused Copyrighted Products."

28.     Upon information and belief, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Yurman's rights in and to the Yurman Copyrighted Designs.

29.     Upon information and belief, Yurman has learned that Defendants are also engaging in acts of trademark counterfeiting and/or infringement by using, without authorization, the Yurman Trademarks and other collection names associated with Yurman, in connection with their sale of jewelry products on the <looksalotalike.com> ecommerce website, and elsewhere. Such use is being made in a manner that is likely to cause confusion among consumers, by causing them believe that the products Defendants are offering for sale and selling are authentic Yurman products, or have been authorized or in some manner approved by Yurman.

30.     Among other unauthorized uses of the Yurman Word Marks, Defendants have included the following product listings on the Looks A Lot Alike ecommerce website <looksalotalike.com> and various social media platforms:





## Infringing Uses of Yurman's ALBION Mark (Reg. No. 2,959,204)

**CRYSTAL ALBION NECKLACE 18"**

$35.00

Crystal Albion Necklace 18"

Pedant measures 1/2"
Rhodium plating, pave set crystals
Box style chain, lobster clasp

(https://looksalotalike.com/wp-content/uploads/2016/08/DSC_9210.jpg)

**PETITE ALBION PENDANT NECKLACE**

$35.00

Petite Albion Pendant Necklace

Rhodium plating, clear CZ, Crystal surround

Necklace:  Box style chain
             18" plus 3" extension
             Lobster clasp

(https://looksalotalike.com/wp-content/uploads/2016/08/DSC_9206.jpg)

**WHITE ICE PETITE ALBION RING**

$33.00

White Ice Petite Albion Ring
Rhodium plating, clear CZ, crystal surround

Available in size 6

(https://looksalotalike.com/wp-content/uploads/2016/08/DSC_4940-sm.jpg)

## Infringing Uses of Yurman's METRO CABLE Mark (Reg. No. 3,599,276)

Bracelets Featured Women

METRO CABLE BANGLE





The foregoing unauthorized and infringing uses of the Yurman Word Marks on Defendants'
<looksalotalike.com> ecommerce website and social media posts, will hereinafter be referred to
as the "Accused Word Mark Uses."

31.     Among other unauthorized uses of the Yurman Design Marks, Defendants have

advertised, marketed, promoted, offered for sale and sold the following products on the

<looksalotalike.com> ecommerce website and various social media platforms:

| Registration No. | Yurman's Design Mark | Defendants' Product |
|---|---|---|
| 4,655,095 |  |  Hematite and crystal classic bangle SKU: 2722 |
| 4,655,095 |  |  Hampton blue cable bangle bracelet SKU: 0846 |
| 4,655,095 |  |  Citrine classic bangle bracelet SKU: 0833 |
| 4,655,095 |  |  Amethyst ice cable bangle SKU: 3538 |
| 4,655,095 |  |  5 mm peridot cable classic crystal bangle SKU: 3340 |
| 4,655,095 |  |  5 mm black crystal bangle SKU: 3344 |

| Registration No. | Yurman's Design Mark | Defendants' Product |
|---|---|---|
| 4,655,095 |  | <br>Jet Black cable bangle<br>SKU: 5388 |
| 4,655,095 |  | <br>London Blue cable bangle<br>SKU: 5390 |
| 4,655,095 |  | <br>Smoky brown cable bangle<br>SKU: 5386 |
| 4,655,095 |  | <br>White ice cable bangle<br>SKU: 5384 |
| 4,655,095 |  | <br>Morganite cable classic bangle<br>SKU: 1326 |
| 4,655,095 |  | <br>Two tone blue cable classic bangle<br>SKU: 3552 |

| Registration No. | Yurman's Design Mark | Defendants' Product |
|---|---|---|
| 4,655,095 | | 7 mm pink cable bangle<br>SKU: 5774 |
| 4,655,095 | | Garnet cable bangle<br>SKU: NA |
| 4,655,095 | | Cable classic two tone amethyst CZ bangle<br>SKU: 9343 |
| 4,655,095 | | Two tone black cable classic bangle<br>SKU: 3529 |
| 5,025,164 | | Two tone crystal mosaic bracelet<br>SKU: 3541 |

The foregoing articles of jewelry sold by Defendants, each of which is substantially indistinguishable from and/or confusingly similar to the corresponding Yurman Design Mark, will hereinafter be referred to as the "Accused Trademarked Products."

32.     Upon information and belief, Defendants' infringing activities as described above have caused, and are likely to continue to cause confusion, deception, and mistake in the minds

22

of consumers, the public and the trade.  Moreover, Defendants' pervasive wrongful conduct has created and is likely to create a false impression and deceive customers, the public, and the trade into believing that there is some sponsorship, authorization, or association between Yurman and Defendants, and/or the products being offered by Defendants.  Accordingly, Yurman's customers and potential customers have been and will likely continue to be confused about the origin and sponsorship of the products being offered for sale and/or sold by Defendants.

33.     Upon information and belief, Defendants have been engaging in the above-described unlawful activities with respect to the Yurman Trademarks knowingly and intentionally, or with reckless disregard for Yurman's rights, for the sole purpose of trading on the incalculably valuable goodwill and reputation of the Yurman Trademarks.

34.     Upon information and belief, at all times relevant hereto, Defendants knew or should have known of Yurman's ownership of the Yurman Trademarks, including Yurman's exclusive right to use the Yurman Trademarks and enjoy the substantial goodwill associated therewith.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

35.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1 through 34 above as if fully set forth herein.

36.     Yurman is the owner of the Yurman Copyrighted Designs.

37.     Defendants, without authorization from Yurman, have distributed, advertised, promoted, offered for sale and sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Yurman Copyrighted Designs, including, without limitation, the Accused Copyrighted Products.

38.     Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Yurman's rights in and to the Yurman Copyrighted Designs.

39.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

40.     Upon information and belief, Defendants intend to continue their willfully infringing acts, and will continue to willfully infringe the Yurman Copyrighted Designs and to act in bad faith, unless restrained by this Court.

41.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)

42.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1 through 41 above as if fully set forth herein.

43.     Yurman is the owner of the Yurman Trademarks.

44.     Defendants have used in commerce marks that are identical to or substantially indistinguishable from the Yurman Trademarks on and/or in connection with goods for which Yurman holds U.S. trademark registrations.  Defendants have knowingly used these spurious marks for their own personal financial gain.

45.     Yurman has not authorized Defendants' use of the Yurman Trademarks and, upon information and belief, Defendants' use of the Yurman Trademarks has caused, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' jewelry products, or as to a possible affiliation, connection or association between Yurman and Defendants.

46.     Defendants have acted with knowledge of Yurman's ownership of the Yurman Trademarks, and with the deliberate intent to unfairly benefit from the substantial goodwill represented thereby.

47.     Defendants' acts as described herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains as to which they are not in law or equity entitled.

49.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully counterfeit the Yurman Trademarks, unless restrained by this Court.

50.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

51.     Defendants' intentional and egregious infringing conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

52.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1 through 51 above as if fully set forth herein.

53.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

54.     The Yurman Trademarks are federally registered, and are distinctive and exclusively associated in the mind of the public with Yurman.

55.     Defendants have willfully used the Yurman Trademarks without Yurman's consent or authorization.  Defendants' unauthorized use, including, without limitation, the promotion and sale of counterfeit and/or infringing Yurman jewelry products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' jewelry products emanate or originate with Yurman, that Defendants' products are Yurman products, or that Yurman has approved, sponsored or otherwise associated itself with Defendants.

56.     Through their unauthorized use of copies of the Yurman Trademarks, Defendants are unfairly benefiting from Yurman's advertising and promotion of the Yurman Trademarks. This has resulted in substantial and irreparable injury to the public, Yurman, the Yurman Trademarks, and Yurman's business reputation and goodwill

57.     Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe the Yurman Trademarks, unless restrained by this Court.

59.     Upon information and belief, by their willful acts, Defendants have made, and will continue to make substantial profits and gains to which they are not in law or equity entitled.

60.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

61.     Defendants' intentional and egregious infringing conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**FOURTH CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

62.     The allegations set forth in paragraphs 1 through 61 hereof are adopted and incorporated by reference as if fully set forth herein.

63.     Upon information and belief, Defendants' aforementioned use of marks that are substantially indistinguishable from and/or confusingly similar to the Yurman Trademarks has caused, is intended to cause, and is likely to continue to cause confusion, mistake, and deception among the general consuming public and the trade as to the source of Defendants' jewelry products bearing and/or sold under the Yurman Trademarks, or as to a possible affiliation, connection, or association between Yurman and Defendants.

64.     Defendants' acts constitute willful false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their goods unless restrained by this Court.

66.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

67.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW**

68.     The allegations set forth in paragraphs 1 through 67 hereof are adopted and incorporated by reference as if fully set forth herein.

69.     Defendants' acts constitute willful trademark infringement under the common law of the State of New York.

70.     Upon information and belief, by their actions, Defendants intend to continue their

unlawful conduct, and to willfully infringe the Yurman Trademarks, unless restrained by this Court.

71.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

72.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

73.     The allegations set forth in paragraphs 1 through 72 hereof are adopted and incorporated by reference as if fully set forth herein.

74.     Defendants' acts constitute willful unfair competition under the common law of the State of New York.

75.     Upon information and belief, by their actions, Defendants intends to continue their acts of willful unfair competition unless restrained by this Court.

76.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

77.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## DILUTION (New York General Business Law § 360-l)

78.     The allegations set forth in paragraphs 1 through 77 hereof are adopted and incorporated by reference as if fully set forth herein.

79.     Yurman has strong trademark rights in each of the Yurman Trademarks, which trademarks are distinctive and/or have acquired secondary meaning, and are capable of being diluted.

80.     Defendants' activities as alleged above have created, and continue to create a likelihood of injury to Yurman's image and reputation for the provision and sale of authentic, high quality jewelry goods, to dilute the distinctive quality of the Yurman Trademarks, and to tarnish the reputation of the Yurman Trademarks through the promotion and sale of low quality, replica jewelry products, in violation of the Section 360-l of the General Business Law of the State of New York.

81.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully dilute the Yurman Trademarks, unless restrained by this Court.

82.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

83.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Yurman demands judgment against Defendants as follows:

1.     For judgment that Defendants have:

    (a)     willfully infringed the Yurman Copyrighted Designs in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501;

    (b)     willfully counterfeited the Yurman Trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (c)     willfully infringed the Yurman Trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (d)     willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with respect to Yurman;

   (e)  willfully infringed the Yurman Trademarks in violation of the common

law of the State of New York;

   (f)  engaged in unfair competition as against Yurman in violation of the

common law of the State of New York; and

   (g)  willfully diluted the Yurman Trademarks in violation of Section 360-l of

the General Business Law of the State of New York.

  2.  That Defendants, and all of those acting in concert with them, including their

respective agents and servants, be permanently enjoined from designing, manufacturing,

importing, exporting, advertising, purchasing, offering for sale, selling, promoting, or marketing

the Accused Copyrighted Products, or any products that bear a design or combination of design

elements that are substantially similar to the Yurman Copyrighted Designs.

  3.  That Defendants, and all of those acting in concert with them, including their

respective agents and servants, be permanently enjoined from designing, manufacturing,

importing, exporting, advertising, purchasing, offering for sale, selling, promoting, or marketing

any item bearing the Yurman Trademarks, or making any unauthorized use of the Yurman

Trademarks, any other mark that is confusingly similar to the Yurman Word Marks or Yurman

Design Marks, including without limitation the Accused Trademarked Products and the Accused

Word Mark Uses.

  4.  That Defendants be required to recall all Accused Products, and any artwork,

packaging, advertising and promotional materials in which they appear, and thereafter to deliver

up for destruction all Accused Copyrighted Products and Accused Trademarked Products,

artwork, packaging, advertising and promotional materials, and any means of making such

products, pursuant to Section 503 of the Copyright Act of 1976, as amended (17 U.S.C. § 503), and Section 36 of the Lanham Act, as amended (15 U.S.C. § 1118).

5.      That Defendants be directed to file with the Court and serve upon Yurman within thirty (30) days after service of the judgment upon them, a written report under oath setting forth in detail the manner in which they have complied with the requirements set forth above in paragraphs 2 through 4 above.

6.      That Defendants be directed to account to Yurman for all gains, profits and advantages derived from their wrongful acts pursuant to Section 504(b) of the Copyright Act of 1976, as amended (17 U.S.C. § 504(b)), and Section 35 of the Lanham Act, as amended (15 U.S.C. § 1117).

7.      That Defendants pay to Yurman any damages sustained by Yurman by reason of their purposefully wrongful acts, together with interest thereon, pursuant to Section 504(b) of the Copyright Act of 1976, as amended (17 U.S.C. § 504(b)), and Section 35 of the Lanham Act, as amended (15 U.S.C. § 1117).

8.      That Yurman be awarded statutory damages of (a) not less than $750 or more than $30,000 per individual infringing article of jewelry pursuant to 17 U.S.C. § 504(c)(1) or, (b) upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2), up to $150,000 per individual infringing article of jewelry.

9.      That Defendants pay damages for their conduct alleged herein in a sum equal to three times the amount of the actual damages suffered by Yurman and/or the profits realized by Defendants, pursuant to Section 35 of the Lanham Act, as amended (15 U.S.C. § 1117).

10.     In the alternative, and at Yurman's election, that Yurman be awarded statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), of up to $2,000,000 per mark.

11.     That Defendants pay to Yurman its reasonable attorneys' fees incurred in connection with this action, pursuant to Section 505 of the Copyright Act of 1976, as amended (17 U.S.C. § 505), and pursuant to Section 35 of the Lanham Act, as amended (15 U.S.C. § 1117).

12.     That Defendants pay to Yurman the costs and disbursements of this action pursuant to Section 505 of the Copyright Act of 1976, as amended (17 U.S.C. § 505), and pursuant to Section 35 of the Lanham Act, as amended (15 U.S.C. §1117).

13.     That Yurman be awarded pre-judgment interest on any monetary award made part of the judgment against Defendants.

14.     That Yurman be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York       ARNOLD & PORTER KAYE SCHOLER LLP
       March 2, 2018

                                By:     /s/ Louis S. Ederer
                                        Louis S. Ederer
                                        louis.ederer@arnoldporter.com
                                        Matthew T. Salzmann
                                        matthew.salzmann@arnoldporter.com
                                        250 West 55th Street
                                        New York, New York 10019
                                        (212) 836-8000

                                        *Attorneys for Plaintiffs David Yurman Enterprises LLC and David Yurman IP LLC*

32