**FURGANG & ADWAR, L.L.P**
Philip Furgang (PF-5654)
Robert Spinak (2913424)
515 Madison Avenue
Suite 6A
New York, NY 10022
(212) 725-1818

*Attorneys for Defendant Susan Waxman*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAVID YURMAN ENTERPRISES LLC and
DAVID YURMAN IP LLC,

1:18-cv-01906 (LAK) (SN)

Plaintiff,

-against-

SUSAN WAXMAN d/b/a LOOKS A LOT ALIKE,
XYZ COMPANIES 1-10, AND JOHN AND JANE
DOES 1-10,

**FIRST AMENDED**
**ANSWER AND**
**COUNTERCLAIMS**
**BY SUSAN WAXMAN**

**JURY DEMANDED**

Defendants.

---

Defendant SUSAN WAXMAN d/b/a LOOKS A LOT ALIKE (hereinafter "Defendant" "she" or "her") by her attorneys FURGANG & ADWAR, L.L.P., hereby Answers the Complaint, in which each numbered paragraph corresponds to the same numbered paragraph of the Complaint, respectfully alleges:

1.      Denies each and every allegation of ¶ 1 of the Complaint.

2.      Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 2 of the Complaint.

3.      Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 3 of the Complaint.

4.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 4 of the Complaint.

5.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 5 of the Complaint.

6.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶  of the Complaint.

7.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 7 of the Complaint.

8.     Denies each and every allegation of ¶ 8 of the Complaint except to admit that Defendant is an individual residing in Ontario, Canada.

9.     Denies each and every allegation of ¶ 9 of the Complaint.

10.    Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 10 of the Complaint.

11.    Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 11 of the Complaint.

12.    Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 11 of the Complaint.

13.    Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 13 of the Complaint.

14.    Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 14 of the Complaint.

15.    Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 15 of the Complaint.

16.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 16 of the Complaint.

17.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 17 of the Complaint.

18.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 18 of the Complaint.

19.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 19 of the Complaint.

20.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 20 of the Complaint.

21.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 21 of the Complaint.

22.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 22 of the Complaint.

23.     Denies each and every allegation of ¶ 23 of the Complaint.

24.     Denies each and every allegation of ¶ 24 of the Complaint.

25.     Denies each and every allegation of ¶ 25 of the Complaint except to refer the Court to Defendant's full statement which speaks for itself.

26.     Denies each and every allegation of ¶ 26 of the Complaint except to except to refer the Court to Defendant's full statement which speaks for itself.

27.     Denies each and every allegation of ¶ 27 of the Complaint.

28.     Denies each and every allegation of ¶ 28 of the Complaint.

29.     Denies each and every allegation of ¶ 29 of the Complaint.

30.     Denies each and every allegation of ¶ 30 of the Complaint.

31.     Denies each and every allegation of ¶ 31 of the Complaint.

32.     Denies each and every allegation of ¶ 32 of the Complaint.

33.     Denies each and every allegation of ¶ 33 of the Complaint.

34.     Denies each and every allegation of ¶ 34 of the Complaint.

35.     Admits and denies the allegations set forth in ¶¶ 1 through 34 as set forth above.

36.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 36 of the Complaint.

37.     Denies each and every allegation of ¶ 37 of the Complaint.

38.     Denies each and every allegation of ¶ 38 of the Complaint.

39.     Denies each and every allegation of ¶ 39 of the Complaint.

40.     Denies each and every allegation of ¶ 40 of the Complaint.

41.     Denies each and every allegation of ¶ 41 of the Complaint.

42.     Admits and denies the allegations set forth in ¶¶ 1 through 41 as set forth above.

43.     Is without knowledge to form a belief and therefore denies each and every allegation of ¶ 43 of the Complaint.

44.     Denies each and every allegation of ¶ 44 of the Complaint.

45.     Denies each and every allegation of ¶ 45 of the Complaint.

46.     Denies each and every allegation of ¶ 46 of the Complaint.

47.     Denies each and every allegation of ¶ 47 of the Complaint.

48.     Denies each and every allegation of ¶ 48 of the Complaint.

49.     Denies each and every allegation of ¶ 49 of the Complaint.

50.     Denies each and every allegation of ¶ 50 of the Complaint.

51.     Denies each and every allegation of ¶ 51 of the Complaint.

52.     Admits and denies the allegations set forth in ¶¶ 1 through 51 as set forth above.

53.     Denies each and every allegation oft ¶ 53 of the Complaint except to refer the Court

to 15 U.S.C.§ 1114(1)(a) which speaks for itself.

54.     Denies each and every allegation of ¶ 54 of the Complaint.

55.     Denies each and every allegation of ¶ 55 of the Complaint.

56.     Denies each and every allegation of ¶ 56 of the Complaint.

57.     Denies each and every allegation of ¶ 57 of the Complaint.

58.     Denies each and every allegation of ¶ 58 of the Complaint.

59.     Denies each and every allegation of ¶ 59 of the Complaint.

60.     Denies each and every allegation of ¶ 60 of the Complaint.

61.     Denies each and every allegation of ¶ 61 of the Complaint.

62.     Admits and denies the allegations set forth in ¶¶ 1 through 61 as set forth above.

63.     Denies each and every allegation of ¶ 63 of the Complaint.

64.     Denies each and every allegation of ¶ 64 of the Complaint.

65.     Denies each and every allegation of ¶ 65 of the Complaint.

66.     Denies each and every allegation of ¶ 66 of the Complaint.

67.     Denies each and every allegation of ¶ 67 of the Complaint.

68.     Admits and denies the allegations set forth in ¶¶ 1 through 67 as set forth above.

69.     Denies each and every allegation of ¶ 69 of the Complaint.

70.     Denies each and every allegation of ¶ 70 of the Complaint.

71.     Denies each and every allegation of ¶ 71 of the Complaint.

72.     Denies each and every allegation of ¶ 72 of the Complaint.

73.     Admits and denies the allegations set forth in ¶¶ 1 through 72 as set forth above.

74.     Denies each and every allegation of ¶ 74 of the Complaint.

75.     Denies each and every allegation of ¶ 75 of the Complaint.

76.     Denies each and every allegation of ¶ 76 of the Complaint.

77.     Denies each and every allegation of ¶ 77 of the Complaint.

78.     Admits and denies the allegations set forth in ¶¶ 1 through 77 as set forth above.

79.     Denies each and every allegation of ¶ 79 of the Complaint.

80.     Denies each and every allegation of ¶ 80 of the Complaint.

81.     Denies each and every allegation of ¶ 81 of the Complaint.

82.     Denies each and every allegation of ¶ 82 of the Complaint.

83.     Denies each and every allegation of ¶ 83 of the Complaint.

## AFFIRMATIVE DEFENSES

### FOR A FIRST AFFIRMATIVE DEFENSE

84.     The complaint fails to state a claim against defendants upon which  relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

85.     This court lacks personal jurisdiction over the Defendant in this matter.

### FOR A THIRD AFFIRMATIVE  DEFENSE

86.     This court lacks  jurisdiction over the subject matter of this action.

## FOR A FOURTH AFFIRMATIVE DEFENSE

87.     The causes of action asserted by Plaintiffs herein are barred by the applicable statute of limitations.

## FOR A FIFTH AFFIRMATIVE DEFENSE

88.     The causes of action asserted by Plaintiffs herein are barred by the doctrine of laches.

## FOR A SIXTH AFFIRMATIVE DEFENSE

89.     Plaintiffs are estopped from asserting the causes of action herein by the doctrine of estoppel.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

90.     Defendant asserts the defenses of waiver, unclean hands, fraud in the inducement, fraudulent misrepresentations, and negligent misrepresentation.

## FOR A EIGHTH AFFIRMATIVE DEFENSE

91.     Upon information and belief, the copyright registration set forth herein is invalid.

## FOR A NINTH AFFIRMATIVE DEFENSE

92.     Upon information and belief, the copyright registration set forth herein was fraudulently obtained in that Plaintiffs are neither author nor owner of the works which are the subject of said registrations.

## FOR A TENTH AFFIRMATIVE DEFENSE

93.     Upon information and belief, the copyright registrations set forth herein were fraudulently obtained in that Plaintiffs did not represent that the work was a derivative of a previously authored work.

## FOR A ELEVENTH AFFIRMATIVE DEFENSE

94.     Upon information and belief Plaintiffs federally registered trademarks for each alleged jewelry design are each invalid because said registrations identify a single good.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

95.     Upon information and belief, Plaintiffs trademarks lack secondary meaning.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

96.     Upon information and belief, Plaintiffs' jewelry designs are de jure functional.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE

97.     Upon information and belief, Plaintiffs' jewelry designs are de facto functional.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE

98.     Upon information and belief, Plaintiffs' word trademarks are descriptive.

## FOR A SIXTEENTH AFFIRMATIVE DEFENSE

99.     Upon information and belief, Plaintiffs' word trademarks are merely descriptive.

## FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

100.    Defendant is a citizen and resident of Canada.  This Court lacks both subject matter and personal jurisdiction over acts complained of which have no contact with the United States.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

101.    Plaintiffs are unlawfully seeking to assert their alleged trademark and copyrights extraterritorially.

## COUNTERCLAIMS

Counterclaim Plaintiff Susan Waxman, counterclaims, complaining of Counterclaim Defendants as follows:

### Jurisdictional Statement Pertaining to Counterclaims

102.    The jurisdiction of this Court is invoked pursuant to its pendent jurisdiction.

103.    Venue is proper pursuant to 28 U.S.C. §1391 in that Counterclaim Plaintiff and Counterclaim Defendant do business in this District in which the acts complained of took place.

### Allegations Relevant to Counterclaims

### A. The Parties

104.    Counterclaim Plaintiff Susan Waxman (hereinafter "Counterclaim Plaintiff," "Waxman," "she," or "her") is an individual who is a citizen and resident of Canada.

105.    She does business in and from Canada under the trade name and service mark LOOKS A LOT ALIKE .

106.    Counterclaim Plaintiff Waxman has one employee, herself.

107.    She operates her business from her living room and stores her inventory, such as it is, in her basement.

108.    Her jewelry is sold through her website which is also in Canada.

109.    She neither owns nor leases property, nor maintains an address for either the receipt or sending of any mail in the US. She has no telephone and no bank account in the United States, including New York State.

110.    She purchases jewelry for resale from independent jewelry manufacturers.

111.    She neither directly nor indirectly controls the designs of the jewelry products  she buys.

112.   Counterclaim Defendants David Yurman Enterprises LLC and David Yurman IP LLC, (hereinafter jointly referred to as either "Yurman," or "Counterclaim Defendant" is  a jewelry manufacturer located within New York State.

## Yurman's Wrongful Conduct

113.    Upon  information and belief, Yurman is intent upon driving small competitors from the marketplace by means, legitimate or otherwise.

114.    Yurman decided upon a course of action to abuse the processes of the court to secure for themselves what the could not do honestly through competition in the free marketplace, namely seeking to enforce trademark, copyrights and unfair competition in nations, including Canada, in which, upon information and belief, they possess no such enforceable rights.

115.    This action was commenced under the direction and control by Yurman and in which Yurman makes frivolous and unsupported claims of trademark and copyright infringement, and unfair competition in foreign countries, including Canada.

116.    Counterclaim Plaintiff, an individual in a small business is being forced to personally defend against said totally frivolous claims at great personal cost and expense.

## COUNTERCLAIM COUNT I
### (*Cancellation of a Trademark Registration*)

117.    Counterclaim Plaintiff Waxman repeats and realleges each and every allegation set forth in  ¶¶ 1 though 117 above as if fully set forth herein.

118.    This count arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and, specifically, under 15 U.S.C. §1119 and is to cancel a federal trademark registration

119.    Yurman, as Plaintiffs in this Complaint, seeks to enforce trademark rights it has allegedly secured by its federal registration a single jewelry design and explicitly pleads its federal trademark registration, No. 4,655,095 (hereinafter "Reg. No.'095")

120.    Upon information and belief, Reg. No.'095 is used by Yurman to identify a single jewelry item shown therein.

121.    A single design, in this case in Reg. No. '095, is not registerable under the Lanham Act, 15 U.S.C. §§ 1051, 1052, and 1127, except where the Reg. No. '095 design has been used to identify different goods in addition to that pictured in Reg. No. '095.

122.    Upon information and belief, the bracelet pictured in Reg. No. '095 is a single design which identifies that specific good.

123.    Such use by Yurman as set forth herein will continue to cause and will be likely to cause injury to the business reputation of Counterclaim Plaintiff Waxman by confusing purchasers of jewelry into the belief that the good sold by Yurman originated from, are sponsored by, or otherwise have some connection with Counterclaim Plaintiff Waxman and by leading the trade and the general public to believe, upon seeing Yurman good, that the nature of Counterclaim Defendant Waxman's quality goods has now changed and/or to include the sale and distribution of the Yurman's goods.

124.    Yurman has damaged Counterclaim Plaintiff in a sum not presently known but reasonable believed in excess of one hundred thousand dollars ($100,000.00).

125.    Counterclaim Plaintiff has no adequate remedy at law.

126.    Unless restrained Yurman will continue to cause injury to the business reputation of Counterclaim Plaintiff.

## COUNTERCLAIM COUNT II
### (*Cancellation of a Trademark Registration*)

127.    Counterclaim Plaintiff Waxman repeats and realleges each and every allegation set forth in ¶¶ 1 though 127 above as if fully set forth herein.

128.    This count arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and, specifically, under 15 U.S.C. §1119 and is to cancel a federal trademark registration

129.     Yurman, as Plaintiffs in this Complaint, seeks to enforce trademark rights it has allegedly secured by its federal registration a single jewelry design and explicitly pleads its federal trademark registration, No. 5,025,164  (hereinafter "Reg. No.'164")

130.     Upon information and belief, Reg. No.'164 is used by Yurman to identify a single jewelry item shown therein.

131.     A single design, in this case in Reg. No. '164, is not registerable under the Lanham Act, 15 U.S.C. §§ 1051, 1052, and 1127, except where the Reg. No. '164 design has been used to identify different goods in addition to that pictured in Reg. No. '164.

132.     Upon information and belief, the bracelet pictured in Reg. No. '164 is a single design which identifies that specific good.

133.     Such use by Yurman as set forth herein will continue to cause and will be likely to cause injury to the business reputation of Counterclaim Plaintiff Waxman by confusing purchasers of jewelry into the belief that the good sold by Yurman originated from, are sponsored by, or otherwise have some connection with Counterclaim Plaintiff Waxman and by leading the trade and the general public to believe, upon seeing Yurman's good, that the nature of Counterclaim Defendant Waxman's quality goods has now changed and/or to include the sale and distribution of the Yurman's goods.

134.     Yurman has damaged Counterclaim Plaintiff in a sum not presently known but reasonable believed in excess of one hundred thousand dollars ($100,000.00).

135.     Counterclaim Plaintiff has no adequate remedy at law.

136.     Unless restrained Yurman will continue to cause injury to the business reputation of Counterclaim Plaintiff.

WHEREFORE, Defendant and Counterclaim Plaintiff prays that:

1.      The Court dismiss, in its entirety, the plaintiff's complaint, with costs and attorneys' fees.

2.      The Court cancel the plaintiff's allegedly owned United States Federal Trademark Registration, No. 4,655,095.

3.      The Court cancel the plaintiff's allegedly owned United States Federal Trademark Registration, No. 5,025,164.

4.      The Court award all other and further relief, both special and general, in law and in equity, as the Court may deem just and appropriate.

FURGANG & ADWAR, L.L.P.
Attorneys for Defendant and Counterclaim Plaintiff
SUSAN WAXMAN

By:    /s/ Philip Furgang
Philip Furgang (PF- 5654)
515 Madison Avenue
Suite 6A
New York, NY 10022
Tel: 212-725-1818

Dated: New York, New York
          May 7, 2018